UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MOHAMMED SALEEM KHAN,

    Plaintiff,

    v.

MICHAEL CHERTOFF, *et al*.,

    Defendants.

CASE NO. C08-1448 RSM

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

This matter comes before the Court on "Plaintiff's Motion for Summary Judgment or Hearing in the Alternative." (Dkt. #4). Plaintiff argues that the Court should grant his application for naturalization because there is no dispute that he meets the statutory eligibility requirements for naturalization. In the alternative, Plaintiff argues that the Court should set an evidentiary hearing on his naturalization application. Defendants respond that Plaintiff's application is ready for immediate adjudication by USCIS, and therefore request that the Court remand the case.

For the reasons set forth below, the Court GRANTS Plaintiff's motion and REMANDS the case to USCIS for immediate naturalization.

## II. DISCUSSION

**A. Background**

Plaintiff Mohammed Saleem Khan ("Mr. Khan") is a citizen of India who currently resides in Kirkland, Washington. Mr. Khan has lived continuously in the United States since 1995, when he came to this country to obtain his masters in computer science at Arizona State University. Since completing his masters in 1997, Mr. Khan has been lawfully employed in

MEMORANDUM ORDER
PAGE - 1

the computer science field with various employers, including Amazon.com, his most current employer.

On January 8, 2007, Mr. Khan submitted an N400 application for naturalization ("naturalization application") with United States Citizenship and Immigration Services ("USCIS"). Mr. Khan underwent a fingerprint and criminal history background check soon thereafter and was scheduled for an interview on April 30, 2007. At the interview, Mr. Khan successfully passed the civics and English tests. According to Mr. Khan, the USCIS officer subsequently notified Mr. Khan that he had been recommended for approval and that his citizenship oath ceremony was to occur on May 8, 2007. (Dkt. #4 at 3). However, Mr. Khan alleges that the officer rescinded this comment, deleted the statement that Mr. Khan had been recommended for approval on Mr. Khan's "Naturalization Interview Results" form, and instead checked the box on the form that indicated that "A decision cannot yet be made about your application." (*Id.*, Ex. F).

Mr. Khan thereafter waited for USCIS to adjudicate his application, and contacted USCIS at least three additional times to check on the status of his application over the next 18 months. USCIS continually explained to him that his application was pending. As a result, Mr. Khan filed the instant complaint seeking naturalization on September 29, 2008 based on 8 U.S.C. § 1447(b). (Dkt. #1). Mr. Khan now brings the instant motion for summary judgment, claiming that this Court has the authority to make a determination on his application, and that he has met all the statutory requirements for naturalization

**B. 8 U.S.C. § 1447(b)**

As a preliminary matter, the Court addresses the jurisdictional issues presented by this case. Although primary naturalization authority is vested with the Secretary of the Department of Homeland Security pursuant to 8 U.S.C. § 1421(a), district courts have jurisdiction over the naturalization process in certain limited circumstances. For example, where USCIS has failed to adjudicate an application in a timely manner, the applicant may seek judicial naturalization under 8 U.S.C. § 1447(b). Specifically, the Ninth Circuit has held that "[s]ection 1447(b) allows the district court to obtain exclusive jurisdiction over those

naturalization applications on which the INS fails to act within 120 days if the applicant properly invokes the court's authority." *Hovsepian v. United States*, 259 F.3d 1144, 1164 (9th Cir. 2004). In resolving the dispute, the district court may either adjudicate the application itself or remand the matter to USCIS with appropriate instructions. 8 U.S.C. § 1447(b).

Here, there is no dispute that Mr. Khan has properly invoked the Court's authority, as more than 120 days have passed since Mr. Khan filed his naturalization application. Indeed, Defendants concede that this Court "has exclusive jurisdiction in this matter." (Dkt. #5 at 2). Therefore the Court has jurisdiction over Mr. Khan's complaint.

### C. Standard of Review

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FRCP 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The Court must draw all reasonable inferences in favor of the non-moving party. *See F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds*, 512 U.S. 79 (1994). The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. *See Anderson*, 477 U.S. at 257. Mere disagreement, or the bald assertion that a genuine issue of material fact exists, no longer precludes the use of summary judgment. *See California Architectural Bldg. Prods., Inc., v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987).

Genuine factual issues are those for which the evidence is such that "a reasonable jury could return a verdict for the non-moving party." *Anderson, 477 U.S. at 248*. Material facts are those which might affect the outcome of the suit under governing law. *Id.* In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (*citing O'Melveny & Meyers*, 969 F.2d at 747). Conclusory or speculative testimony is insufficient to raise a genuine issue of fact. *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 60 F. 3d 337, 345 (9th Cir. 1995).

In a § 1447(b) action where a plaintiff seeks naturalization through the Court, the plaintiff must show by a preponderance of the evidence that he meets all the requirements for naturalization. *See* 8 C.F.R. § 316.2(b); *Berenyi v. INS*, 385 U.S. 630, 637 (1967). The relevant statutory provisions set forth five requirements for naturalization. First, the applicant must have been a lawful permanent resident for at least five years prior to the filing of his application, and must meet certain residence and continuous physical presence requirements. 8 U.S.C. § 1427(a)-(c). Second, the applicant must be a person of good moral character. 8 U.S.C. § 1427(d). Third, the applicant must demonstrate an understanding and knowledge of the English language and the fundamentals of U.S. history and government. 8 U.S.C. § 1423(a). Fourth, the applicant must not be opposed to organized government or otherwise be involved in any group affiliated with communism or a group advocating the overthrow of government by unconstitutional means. 8 U.S.C. § 1424(a). Fifth, the applicant must not have deserted the U.S. armed forces or applied for exemption or discharge from the U.S. armed forces on the grounds of alienage. 8 U.S.C. §§ 1425, 1426.

In the instant case, Mr. Khan has submitted evidence that he meets the statutory requirements for naturalization. He has been a lawful permanent resident since April of 2001, and he has never left the U.S. since that time. He passed the English and civics tests at his naturalization interview, and he stated under penalty of perjury that he supports the U.S. government and does not support totalitarian governments. He has never served in the U.S. armed forces, nor has applied for exemption from service. In addition, he has no criminal history, thereby demonstrating that he has good moral character.

Nevertheless, Defendants conclusively state that the Court should not consider the merits of Mr. Khan's naturalization application, because it does not have the benefit of a recommendation by USCIS. However, Defendants fail to specifically identify how a recommendation would provide any additional information not already before the Court. The Court also notes that Defendants have completed Mr. Khan's background check, and consequently have all the information necessary to rebut Mr. Khan's evidence that he is ready to be naturalized. Defendants do not, however, identify any deficiencies in the evidence

submitted by Mr. Khan.  Therefore the Court finds that Defendants do not dispute that Mr. Khan meets the statutory requirements for naturalization.

In any event, Defendants seem to acknowledge that Mr. Khan's application will be approved, and that USCIS is prepared to schedule a swearing-in hearing for Mr. Khan as soon as possible. (Decl. of Walk, ¶ 4).  Moreover, this is not the type of case where the Court or the parties do not have all the information needed to adjudicate an application.  Awaiting a recommendation by USCIS would simply be a formality and the Court finds that such an administrative hurdle in the instant case is unnecessary.  Any further review would only delay the undisputed resolution of this case.

As a result, the Court finds that Mr. Khan has shown by a preponderance of the evidence that he meets all the requirements for naturalization.  This District Court has not hesitated to approve a naturalization application in the past, and the Court finds that the circumstances of this case justify a similar result.  *See Bougai v. Mukasey*, C08-624RSL.

### III.  CONCLUSION

Having reviewed the relevant pleadings, and the remainder of the record, the Court hereby finds and ORDERS:

(1) "Plaintiff's Motion for Summary Judgment or Hearing in the Alternative" (Dkt. #4) is GRANTED.  Plaintiff is eligible for naturalization and his application for that benefit is hereby approved.  The Court remands the case to USCIS solely for the purpose of naturalizing Plaintiff.  USCIS shall schedule an oath ceremony for Plaintiff as soon as possible, and shall issue a Certificate of Naturalization to Plaintiff that same day.

(2) The Clerk is directed to forward a copy of this Order to all counsel of record.


DATED this  6  day of January, 2009.

_____
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

MEMORANDUM ORDER
PAGE - 5